IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| SAUL CANTU | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | CASE NO. 7:20-cv-223 |
| UNITED PROPERTY AND CASUALTY | § | |
| INSURANCE COMPANY | § | |
| | § | |
| *Defendant.* | § | |

**NOTICE OF REMOVAL**

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

Defendant UNITED PROPERTY AND CASUALTY INSURANCE COMPANY, in a cause styled *Saul Cantu v. United Property and Casualty Insurance Company*, originally pending as Cause No. C-2440-20-E in the 275th Judicial District Court of Hidalgo County, Texas, hereby respectfully files this Notice of Removal of that cause to the United States District Court for the Southern District of Texas, McAllen Division, while fully reserving all rights and defenses, and as grounds therefore would respectfully show the Court as follows:

**NATURE OF THE PENDING STATE CASE**

1.     On or about July 15, 2020, Saul Cantu ("Plaintiff") filed a civil action styled *Saul Cantu v. United Property and Casualty Insurance Company*, under Cause No. C-2440-20-E in the 275th Judicial District Court of Hidalgo County, Texas.

2.     This case is an insurance dispute wherein Plaintiff alleges in his Original Petition that his property located at 4100 San Gerado, Mission, Hidalgo County, Texas 78572, insured under an insurance policy issued by Defendant, sustained damage during a storm event occurring on or about November 9, 2018. Plaintiff further alleges causes of action for breach of contract,

violations of the Texas Insurance Code, breach of the duty of good faith and fair dealing, and fraud.

3.    Defendant has attached the documents required to be filed with this Notice of Removal in compliance with Local Rule 81.[1]

## JURISDICTION

4.    Pursuant to 28 U.S.C. §1441(a), Defendant removes this action to the District Court of the United States for the Southern District of Texas, McAllen Division, because it is the District and Division embracing the place where such action is pending. Additionally, this Court has diversity jurisdiction, as shown below, because the parties are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

**A.    Diversity of the Parties**

5.    Plaintiff's Complaint states he is a resident of Hidalgo County, Texas.[2] Defendant is a foreign entity organized in Florida. Its principal place of business is at 800 2nd Avenue South, St. Petersburg, Florida 33701.

**B.    Amount in Controversy**

6.    As demonstrated herein, it is apparent from Plaintiff's pleading and by a preponderance of the summary-judgment-type evidence that the amount in controversy in this matter exceeds the jurisdictional minimum of $75,000.00, exclusive of interest and costs.

**a)    The Fifth Circuit Standard**

7.    Subject to several exceptions, the sum demanded in good faith in a plaintiff's

---

[1] Plaintiff's Original Petition, attached hereto as Exhibit "A;" Proof of Service, attached hereto as Exhibit "B;", An Index of Matters Being Filed, attached hereto as Exhibit "C;" Copy of State Court Docket Sheet, attached hereto as Exhibit "C-1;" Copy of Process, attached hereto as Exhibit "C-2," List of All Counsel of Record, attached hereto as Exhibit "C-3;" Civil Cover Sheet, attached hereto as Exhibit "D," and Plaintiff's Demand Letter and supporting damage estimate, attached hereto as Exhibit "E."
[2] Exhibit "A," at para. 2.

complaint is generally deemed to be the amount in controversy.[3] One such exception is when "the State practice does not permit demand for a specific sum."[4] The Fifth Circuit has explicitly recognized the importance of this exception, and held that when a plaintiff pleads a specific sum (or a ceiling on damages "barely within the statutory limit")[5] below the jurisdictional minimum in contravention of state practice, "[s]uch manipulation is surely characterized as bad faith."[6]

8.    In such a situation, the amount pleaded by the plaintiff is no longer entitled to the deference of the general rule, and the removing defendant may demonstrate by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum.[7] This can be accomplished by showing that it is apparent from the face of the plaintiff's petition that the claims are likely to exceed $75,000.00; or by providing "summary judgment-type evidence of facts in controversy" supporting the proposition that the jurisdictional minimum has been met.[8] To avoid removal, the plaintiff must show that "as a matter of law, it is certain that he will not be able to recover more than the damages for which he has prayed in the state court complaint."[9]

**b)    The Specific Damage Amount Pleaded by Plaintiff Contravenes State Practice in Bad Faith and does not Control the Amount in Controversy.**

9.    Texas law does not allow plaintiffs to plead specific amounts of damages.[10] Instead, it requires that pleadings contain statements that the damages sought are within the jurisdictional limits of the state court, and that those damages fall within one or more allocated

---

[3] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S. Ct. 586, 590, 82 L. Ed. 845 (1938)); 28 U.S.C. § 1446(c)(2).
[4] 28 U.S.C. § 1446(c)(2)(A).
[5] *De Aguilar v. Boeing,* 47 F.3d 1404, 1408 (5th Cir. 1995).
[6] *Id.*, at 1410.
[7] *Id.*, at 1410-1411; 28 U.S.C. § 1446(c)(2).
[8] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *see also White v. FCI USA, Inc.,* 319 F.3d 672, 674–75 (5th Cir. 2003)
[9] *De Aguilar,* 47 F.3d at 1411.
[10] *Id.*, at 1410.

ranges of monetary value.[11] Plaintiff in the instant matter has failed to comply with Texas Rule of Civil Procedure 47 since he has only pleaded that his damages are within the jurisdictional limits of the court, while failing state the required monetary damage range.[12] Specifically, he states that he is only seeking monetary relief below $74,999.99.[13] Importantly, both the Fifth Circuit and this District have held this limiting statement is not permitted under Texas state practice.[14] The specific amount of damages pleaded in Plaintiff's Original Petition is thus not entitled to the deference provided by § 1446(c)(2). As shown below, including the statement that his damages do not exceed $74,999.99 was done in "bad faith" because Plaintiff had already submitted an estimate of his alleged damages that he claimed were valued at over $33,000.00 and he has pleaded for treble damages in his Original Petition; thus, by a preponderance of the evidence, the amount in controversy exceeds the jurisdictional threshold and this Court has jurisdiction and removal is proper.

   c)    **Plaintiff's Estimate of Damages and Pre-Suit Demand Letter Demonstrate by a Preponderance of the Evidence that the Amount in Controversy Exceeds $75,000.00.**

   10.    The actual amount in controversy exceeds $75,000. Exhibit "E" attached to this Notice of Removal contains Plaintiff's pre-suit demand letter and a $33,608.23 estimate of damages he submitted to Defendant. Had Plaintiff only sued Defendant for an award of damages based solely on this estimate, perhaps the amount in controversy would remain below $75,000; however, Plaintiff's Original Petition seeks actual damages;[15] statutory damages of 18%

---

[11] *See* TEX. R. CIV. P. 47(b)-(c).
[12] *See* Exhibit "A," at para. 48.
[13] *Id.*
[14] *See De Aguilar*, 47 F.3d at 1411; *Noyola v. State Farm Lloyds*, No. 7:13-CV-146, 2013 WL 3353963, at *2 (S.D. Tex. 2013).
[15] Exhibit "A," at paras. 38-39.

interest;[16] treble damages under the Texas Insurance Code;[17] mental anguish damages;[18] exemplary damages under the Texas Civil Practice and Remedies Code,[19] and attorneys' fees.[20]

11.    The Fifth Circuit recognizes that "specific damage estimates that are less than the minimum jurisdictional amount, when combined with other unspecified damage claims, can provide sufficient notice that an action is removable . . . ."[21] The Fifth Circuit has likewise held that when, as here, state law makes available extra-contractual damages in the form of "penalties, statutory damages, and punitive damages," those are "items to be considered in ascertaining the amount in controversy when the insurer could be liable for those sums under state law."[22]

12.    Based upon Plaintiff's estimate of damages, Plaintiff is seeking recovery of $33,608.23 in actual damages. When that amount is trebled, as Plaintiff has requested, and combined with Plaintiff's other claims for compensatory and exemplary damages, mental anguish damages, statutory interest, and attorney's fees, the total amount in controversy in this matter greatly exceeds the jurisdictional minimum of $75,000.00. Not surprisingly, the Fifth Circuit and courts in this District have agreed, holding that similar "lengthy list[s] of compensatory and punitive damages . . . when combined with attorney's fees, would exceed $75,000."[23]

---

[16] Exhibit "A," at para. 41; *see also St. Paul Reinsurance*, 134 F.3d at 1255 (discussing 18% per annum interest formerly available under Texas Insurance Code and holding that "[d]espite being described in terms of a per annum percentage for purposes of calculation, the statutory exaction here is not 'interest' within the contemplation of § 1332; it clearly is an element of damages.").

[17] *See* TEX. INS. CODE § 541.152(b); *see also* Exhibit "A," at paras. 40 & 45.

[18] Exhibit "A," at paras. 40 & 45.

[19] *See* TEX. CIV. PRAC. & REM. CODE §§ 41.001, *et seq.*; *see also* Exhibit "A," at paras. 42, 43, & 47.

[20] *See* Exhibit "A," at paras. 39-41, 43, & 45-46.

[21] *Bosky v. Kroger Tex., Ltd. P'ship*, 288 F.3d 208, 210 (5th Cir. 2002).

[22] *St. Paul Reinsurance*, 134 F.3d at 1253; *Manguno*, 276 F.3d at 723; *see also Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 54 (Tex. 1997) (discussing availability of extra-contractual damages).

[23] *White*, 319 F.3d at 675-76; *see also Salinas v. Allstate Tex. Lloyds*, No. 7:16-CV-239, 2016 U.S. Dist. LEXIS 191648, at *6 (S.D. Tex. 2016); *Rodriguez v. Allstate Tex. Lloyds*, No. 7:14-CV-963, 2015 U.S. Dist. LEXIS 190910, at *8 (S.D. Tex. 2015).

13.     As a result, because the foregoing summary judgment-type evidence demonstrates by a preponderance of the evidence that the amount in controversy in this matter exceeds $75,000.00 exclusive of interests and costs, and because there is diversity of citizenship between Defendant and Plaintiffs, removal is proper under 28 U.S.C. § 1332(a).

### d)    Plaintiff Cannot Meet His Burden to Show that the Amount in Controversy is Less Than $75,000.

14.     "In order for a federal court to decline jurisdiction, it must appear to a legal certainty that the claim is really for less than the jurisdictional amount."[24] The burden to prove this "legal certainty" shifts to the plaintiff once a defendant shows that the amount in controversy actually exceeds the jurisdictional amount.[25] Then, "the plaintiff must be able to show that, as a matter of law, it is certain that he will not be able to recover more than the damages for which he has prayed in the state court complaint."[26]

15.     Here, Plaintiff cannot provide evidence that he is not actually seeking (and cannot recover) damages below $75,000. Plaintiffs seeking to avoid federal jurisdiction typically file a stipulation or affidavit with their petition, alleging they will not seek damages in excess of $75,000 and will not accept an award above this amount.[27] While the effect or methodology in making these statements binding upon the parties is debatable,[28] Plaintiff did not even attempt to present such a stipulation or affidavit in this case. Indeed, the very estimate he submitted in support of his insurance claim is the best evidence of Plaintiff's valuation of his present suit for purposes of determining diversity jurisdiction.

---

[24] *See De Aguilar*, 47 F.3d at 1409.
[25] *Id.*, at 1411.
[26] *Id.*
[27] *Ditcharo v. UPS*, 376 F. App'x 432, 437 (5th Cir. 2010) ("Plaintiffs may attempt to establish such 'legal certainty' by submitting a 'binding stipulation or affidavit' with their complaint, stating that they affirmatively seek less than the jurisdictional threshold, and further stating that they will not accept an award that exceeds that threshold.").
[28] *See e.g. Leon v. Great Lakes Reinsurance (UK)*, 2017 U.S. Dist. LEXIS 220707 *6 (S.D. Tex. 2017) ("[A] stipulation is a binding contract between the parties. Plaintiff cannot unilaterally create such a stipulation.").

16.     Additionally, should Plaintiff attempt to amend his petition after this case is removed to include such a stipulation, this amendment may not be considered. According to the Fifth Circuit, "litigants who want to prevent removal must file a binding stipulation or affidavit with their complaints; once a defendant has removed the case, [however] . . . later filings [are] irrelevant."[29] As a result, Plaintiff has not met his burden to subvert this Court's jurisdiction and cannot by amendment successfully keep this case in state court.

## TIMING OF REMOVAL

17.     Plaintiff served Defendant with this lawsuit on July 21, 2020 by serving its Registered Agent, CT Corporation System.[30] Therefore, this Notice of Removal is being filed within 30 days of service of the petition pursuant to 28 U.S.C. §1446(b), and is filed less than one year after commencement of the action, pursuant to 28 U.S.C. §1446(c). This Notice is therefore timely filed.

## NOTICE TO ADVERSE PARTIES AND STATE COURT

18.     As the removing party, Defendant will give Plaintiff prompt written notice of this Notice of Removal pursuant to 28 U.S.C. §1446(d).

19.     Defendant will also file a copy of this Notice of Removal with the 275th Judicial District Court of Hidalgo County, Texas, where the state court action is currently pending, as required by 28 U.S.C. §1446(d).

## JURY DEMAND

20.     Defendant hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

---

[29] *Id.* at 1412.
[30] *See* Exhibit "B."

## CONCLUSION AND PRAYER

21.     In light of the foregoing, Defendant respectfully removes this civil action styled

*Saul Cantu v. United Property and Casualty Insurance Company*, under Cause No. C-2440-20-E

in the 275th Judicial District Court of Hidalgos County, Texas.

22.     Defendant prays for such other and further relief, both general and special, at law

and in equity, to which it may show itself justly entitled.

Respectfully submitted by,


*/s/ Les Pickett*
Les Pickett
    "Attorney-in-Charge"
    Federal I.D. No. 14306
    State Bar No. 15980520
    lpickett@gallowaylawfirm.com
William D. Abbott
    Federal I.D. No. 2789456
    State Bar No. 24087069
    wabbott@gallowaylawfirm.com

OF COUNSEL:
GALLOWAY, JOHNSON, TOMPKINS,
BURR & SMITH
1301 McKinney Suite 1400
Houston, Texas 77010
(713) 599-0700 – Telephone
(713) 599-0777 – Facsimile
**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of August 2020, a copy of the above and foregoing Notice of Removal was filed electronically with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

Larry W. Lawrence, Jr.
Michael Lawrence
Celeste Guerra
LAWRENCE LAW FIRM.
3112 Windsor Rd., Suite A234
Austin, Texas 78703
***Counsel for Plaintiff***

/s/ William D. Abbott
Les Pickett
William D. Abbott