United States District Court
Southern District of Texas
**ENTERED**
June 10, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| SAUL CANTU § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 7:20-cv-223 |
| § | |
| UNITED PROPERTY AND CASUALTY § | |
| INSURANCE COMPANY, § | |
| § | |
| Defendant. § | |

## OPINION AND ORDER

The Court now considers "Defendant's Motion for Summary Judgment."[1] Plaintiff Saul Cantu has not filed a response to Defendant's motion and the time for doing so has passed, rendering the motion unopposed by operation of this Court's Local Rule.[2] After considering the motion, record, and relevant authorities, the Court **GRANTS** Defendant's motion.[3]

### I.  BACKGROUND

This is an insurance case. Plaintiff alleges that on or about November 9, 2018, he sustained extensive physical damage to his insured property when thunderstorms passed through Hidalgo County, Texas.[4] On July 15, 2020, Plaintiff brought claims in Hidalgo Country Court against his insurer, Defendant United Property and Casualty Insurance Company, for breach of contract, violations of the Texas Insurance Code, breach of the duty of good faith and fair dealing, and fraud. In his original petition, Plaintiff alleges that he reported the damage to Defendant but that Defendant "under-scoped and [misrepresented] damages," and "continues to

---

[1] Dkt. No. 12.
[2] S.D. Tex. Civ. R. 7.4 ("Failure to respond to a motion will be taken as a representation of no opposition.").
[3] Dkt. No. 12.
[4] Dkt. No. 1-1 at 2, ¶ 8.

delay in the payment for damages to the property."[5] Plaintiff further alleges that Defendant failed to make an attempt to settle in a fair manner, failed to adequately explain its reasons for an inadequate settlement, and refused to fully compensate Plaintiff under the terms of his policy.[6]

Defendant subsequently removed the case to this Court on August 12, 2020.[7] In September 2020, the Court instituted a scheduling order.[8] On April 14, 2021, following the parties' March 26th discovery deadline, Defendant filed the present motion for summary judgment.[9] Plaintiff has not filed a response. The motion is ripe for review. The Court now turns to its analysis.

### II. DISCUSSION

#### a. Legal Standard

Federal Rule of Civil Procedure 56 provides that a court shall award summary judgment when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[10] One principal purpose of summary judgment "is to isolate and dispose of factually unsupported claims or defenses" and should be interpreted to accomplish this purpose.[11]

To earn summary judgment, the movant must demonstrate that there are no disputes over genuine and material facts and that the movant is entitled to summary judgment as a matter of law.[12] "[I]f the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his

---

[5] Dkt. No. 1-1 at 2–3, ¶¶ 10–13.
[6] *Id.* at 3–4, ¶¶ 14–16.
[7] Dkt. No. 1.
[8] Dkt. No. 7.
[9] Dkt. No. 12.
[10] FED. R. CIV. P. 56(a); *see Bulko v. Morgan Stanley DW Inc.*, 450 F.3d 622, 624 (5th Cir. 2006).
[11] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).
[12] *See Nebraska v. Wyoming*, 507 U.S. 584, 590 (1993).

favor."[13] The movant "bears the initial burden of . . . demonstrat[ing] the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case."[14] In other words, a movant may satisfy its burden by pointing out the absence of evidence to support the nonmovant's case if the nonmovant would bear the burden of proof with respect to that element at trial.[15] To demonstrate the absence of a genuine dispute of material fact, the movant must point to competent evidence in the record, such as documents, affidavits, and deposition testimony[16] and must "articulate precisely how this evidence supports his claim."[17] If the movant fails to meet its initial burden, the motions for summary judgment "must be denied, regardless of the nonmovant's response."[18] Accordingly, the Court may not enter summary judgment by default,[19] but may accept a movant's facts as undisputed if they are unopposed.[20]

If the movant meets its initial burden, the nonmovant "may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence specific facts" that demonstrate the existence of a genuine issue for trial.[21] The nonmovant's "conclusory statements, speculation, and unsubstantiated assertions cannot defeat a motion for

---

[13] *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986), *quoted in Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002); *accord Bank of La. v. Aetna U.S. Healthcare Inc.*, 468 F.3d 237, 241 (5th Cir. 2006) (holding that, if the movant intends to rely on an affirmative defense, "it must establish beyond dispute all of the defense's essential elements").
[14] *Lynch Props. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998).
[15] *Celotex Corp.*, 477 U.S. at 325; *see Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (quotation omitted) ("Summary judgment must be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which it will bear the burden of proof at trial.").
[16] FED. R. CIV. P. 56(c)(1); *see Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (quotation omitted) ("The movant . . . must identify those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.").
[17] *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010).
[18] *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (quotation omitted).
[19] *Hibernia Nat'l Bank v. Administracion Central Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985).
[20] *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988); *see* LR7.4 ("Failure to respond to a motion will be taken as a representation of no opposition").
[21] *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998); *see Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam) ("[T]he nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial.").

summary judgment."[22] The nonmovant is "*required* to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim."[23] "A failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists."[24] The nonmovant's demonstration cannot consist solely of "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation"[25] and a "mere scintilla of evidence" also will not do.[26] "That is, the nonmoving party must adduce evidence sufficient to support a jury verdict."[27]

"A fact is 'material' if its resolution could affect the outcome of the action,"[28] while a "genuine" dispute is present "only if a reasonable jury could return a verdict for the non-movant."[29] As a result, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."[30] "Although this is an exacting standard, summary judgment is appropriate where the only issue before the court is a pure question of law."[31] The Court does not weigh the evidence or evaluate the credibility of witnesses and views all facts and inferences in the light most favorable to the nonmovant,[32] including "resolv[ing] factual controversies in favor of the nonmoving party, but only where

---

[22] *RSR Corp.*, 612 F.3d at 857.
[23] *Ragas*, 136 F.3d at 458 (emphasis added).
[24] *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006); *see Nebraska v. Wyoming*, 507 U.S. 584, 590 (1993) (quotation and alteration omitted) ("When the nonmoving party bears the burden of proof at trial, summary judgment is warranted if the nonmovant fails to make a showing sufficient to establish the existence of an element essential to its case.").
[25] *United States ex rel. Farmer v. City of Hous.*, 523 F.3d 333, 337 (5th Cir. 2008) (quoting *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002)).
[26] *Chaney v. Dreyfus Serv. Corp.*, 595 F.3d 219, 229 (5th Cir. 2010); *accord Germain v. US Bank Nat'l Ass'n*, 920 F.3d 269, 272 (5th Cir. 2019).
[27] *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).
[28] *Burrell v. Dr. Pepper/Seven UP Bottling Grp.*, 482 F.3d 408, 411 (5th Cir. 2007).
[29] *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006).
[30] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[31] *Sheline v. Dun & Bradstreet Corp.*, 948 F.2d 174, 176 (5th Cir. 1991).
[32] *Williams v. Time Warner Operation, Inc.*, 98 F.3d 179, 181 (5th Cir. 1996).

there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts."[33] The Court will draw only *reasonable* inferences in the nonmovant's favor and will not countenance "senseless" theories or leaps in logic.[34] The Court is under no duty to sift through the entire record in search of evidence to support the nonmovant's opposition to summary judgment.[35] The Court does not "assume in the absence of any proof … that the nonmoving party could or would prove the necessary facts, and will grant summary judgment in *any* case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant."[36]

### b. Analysis

The Court cannot enter "default" summary judgment in favor of the movant, but because Defendant's motion for summary judgment is unopposed, the Court will accept as undisputed the Defendant's facts listed in support of its motion. Furthermore, Plaintiff's complaint is unverified and does not supply any more than mere allegations.

### 1. Summary Judgment Evidence

In support of Defendant's motion, it provides evidence that upon inspection of the property, an independent adjuster Eddie Rodriguez identified only isolated damage to the roof, a soft metal roofing vent, and the continuous ridge vent as potentially resulting from a hailstorm.[37] Based on this, the adjuster prepared a $773.31 estimate for the repairs.[38] This estimate fell below Plaintiff's $1,840 deductible.[39] Plaintiff subsequently challenged this estimate and sent Defendant an unsigned repair estimate from Custos Services, LLC and an incomplete proof of

---

[33] *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005).
[34] *See Eastman Kodak Co. v. Image Tech. Servs.*, 504 U.S. 451, 468–69 & n.14 (1992).
[35] *Jones v. Sheehan, Young & Culp, P.C.*, 82 F.3d 1334, 1338 (5th Cir. 1996); *accord Adams Family Tr. v. John Hancock Life Ins. Co.*, 424 F. App'x 377, 380 n.2 (5th Cir. 2011).
[36] *Boudreaux*, 402 F.3d at 540 (quotation omitted) (emphasis in original).
[37] Dkt. No. 12 at 6, ¶ 6 (citing Dkt. No. 12-4 at 7).
[38] *Id.* (citing Dkt. No. 12-4 at 9).
[39] *Id.* (citing Dkt. No. 12-3 at 3).

loss form, alleging over $32,000 in damages resulting from a "windstorm" on November 9, 2018.[40] In response, Defendant requested photographs and a completed loss form,[41] but subsequently closed Plaintiff's claim after it did not receive the requested materials.[42] Roughly one month later, Plaintiff filed this suit.

Defendant now argues that the Court should grant summary judgment on Plaintiff's claims because Plaintiff has not produced sufficient evidence to raise a genuine issue of material fact for trial.[43] The Court will evaluate Defendant's summary judgment evidence against each of Plaintiff's claims separately.

### 2. *Breach of Contract*

Defendant first argues that Plaintiff fails to offer evidence to support his claim for breach of contract.[44] Specifically, Defendant argues that because Plaintiff failed to designate an expert witness or otherwise present evidence to show that any damages to the property beyond Defendant's assessment were caused by a covered loss or that those damages exceeded Plaintiff's deductible, there is insufficient evidence to support his claim for breach of contract.[45] The Court does not necessarily agree that Plaintiff is required to present evidence in the form of expert testimony; however, Plaintiff must present some evidence to raise a fact issue. Here, Plaintiff failed to provide or point to any evidence supporting his claim. Thus, the Court finds that there is insufficient evidence to raise a genuine dispute of material fact on this claim.

### 3. *Violations of Chapters 541 of the Texas Insurance Code*

---

[40] *Id.* at 6–7, ¶¶ 7.
[41] Dkt. No. 12-5 at 23.
[42] Dkt. No. 12-5 at 17–18.
[43] Dkt. No. 12-1 at 7, ¶ 9.
[44] *Id.* at 7–8, ¶ 10.
[45] *Id.*

Defendant next argues that Plaintiff also failed to offer evidence to support his claims for violations of the Texas Insurance Code Chapters 541.[46]

Specifically, Defendant argues that Plaintiff fails to offer competent summary judgment evidence to establish that: "(1) [Defendant] misrepresented a material fact relating to the coverage at issue; (2) [Defendant] misrepresented a policy provision relating to the coverage at issue; or (3) Plaintiff suffered damages as a direct result of [Defendant]'s purported acts" in violation of Chapter 541.060(a)(1).[47] Plaintiff does not rebut this assertion and does not point to any evidence in the record to establish a genuine issue of material fact on these matters.

Defendant further argues that Plaintiff does not offer competent summary judgment evidence to establish that:

> (1) [Defendant] failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear; and (2) Plaintiff suffered damages as a direct result of [Defendant]'s purported acts. Instead, the evidence shows that [Defendant] provided Plaintiff with its claims decisions in accordance with the terms of the policy.[48]

Thus, Defendant argues, Plaintiff failed to provide sufficient evidence to support his claims under Section 541.060(a)(2)(A) as well. Plaintiff has not provided or pointed to any evidence to raise a genuine issue of material fact on these matters.

Defendant also argues that Plaintiff fails to offer sufficient evidence in support of his claims under Texas Insurance Code §541.060(a)(3) and Texas Insurance Code §541.060(a)(7).[49] Specifically, Defendant argues that Plaintiff fails to provide competent summary judgment evidence to establish that: "(1) [Defendant] failed to promptly provide Plaintiff with a reasonable explanation of the claim's denial or an offer of settlement; and (2) Plaintiff suffered damages as a

---

[46] *Id.* at 8, ¶ 11.
[47] Dkt. No. 12-1 at 8, ¶ 12.
[48] *Id.* at 9, ¶ 14.
[49] *Id.* at 9–10.

direct result of [Defendant]'s purported acts."[50] Plaintiff does not provide any evidence or point to any evidence in the record to rebut this assertion. Defendant further argues that Plaintiff fails to offer sufficient evidence to support his contention that:

> (1) [Defendant] refused to pay a claim without conducting a reasonable investigation with respect to the claim or that its investigation resulted in a biased, unfair, or inequitable evaluation of Plaintiff's losses; and (2) Plaintiff suffered damages as a direct result of [Defendant]'s purported acts.[51]

Plaintiff also fails to rebut this argument by providing or pointing to sufficient evidence in the record to raise a genuine issue of material fact. Accordingly, the Court finds Plaintiff has failed to meet his burden to demonstrate the existence of a genuine issue for trial on his claims under the Texas Insurance Code Chapter 541.

    4. *Violations of Chapters 542 of the Texas Insurance Code*

In Plaintiff's original petition, he alleges that Defendant is liable under Section 542.058 for Defendant's "delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim."[52] However, Defendant presents evidence that it did not receive all items it requested from Plaintiff and that because the damages estimate fell below Plaintiff's deductible, it was not required to pay Plaintiff anything.[53] Plaintiff fails to provide or point to any evidence in the record to contravene Defendant's evidence. Thus, the Court finds that Plaintiff failed to meet his burden to demonstrate the existence of a genuine dispute of material fact on this claim.

    5. *Breach of the Duty of Good Faith*

---

[50] *Id.*, ¶ 15; *see* TEX. INS. CODE § 541.060(a)(3).
[51] *Id.* at 10, ¶ 16; *see* TEX. INS. CODE § 541.060(a)(7).
[52] Dkt. No. 1-1 at 6, ¶ 30.
[53] *See* Dkt. No. 12-3 at 3 & Dkt. No. 12-5 at 23.

8 / 10

Plaintiff also brings a claim for breach of the duty of good faith and fair dealing alleging that Defendant failed "to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, Defendant UPC knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear."[54] In Defendant's motion for summary judgment, it points out that Plaintiff offers no evidence that Defendant failed to reasonably investigate or evaluate his claims or that Defendant knew or should have known its liability.[55] Plaintiff fails to provide or point to any evidence in the record to rebut this. Accordingly, the Court finds that Plaintiff failed to meet his burden to demonstrate the existence of a genuine dispute of material fact on this claim.

   6. *Fraud*

In Plaintiff's original petition, he further alleges that Defendant is liable for common law fraud because Defendant made "representations," which it knew were false or made recklessly without any knowledge, that Plaintiff relied upon.[56] Defendant points out the Plaintiff fails to offer any evidence of these alleged representations or Plaintiff's alleged reliance thereon.[57] Plaintiff fails to provide or point to any evidence in the record to rebut this. Accordingly, the Court finds Plaintiff has failed to meet his burden to demonstrate a genuine dispute of material fact on this claim.

For the foregoing reasons, the Court finds Plaintiff has failed to meet his burden to demonstrate the existence of a genuine issue for trial. Accordingly, the Court **GRANTS** Defendant's motion for summary judgment on all Plaintiff's claims.[58]

   c. **Failure to Prosecute**

---

[54] Dkt. No. 1-1 at 6, ¶ 32.
[55] Dkt. No. 12-1 at 12, ¶ 20.
[56] Dkt. No. 1-1 at 7, ¶ 33–35.
[57] Dkt. No. 12-1 at 12, ¶ 21.
[58] Dkt. No. 12.

Upon review of the docket, the Court further notes that since moving to extend the deadline for expert designation in January 2021,[59] Plaintiff appears to have ceased participation in this case. Under Federal Rule of Civil Procedure 41(b), the Court may dismiss a claim when a plaintiff fails to comply with the Court's order or otherwise prosecute their case. While this case is disposed of on summary judgment, the Court also finds that since January 2021, Plaintiff has failed to prosecute its claims against Defendant.

### III. CONCLUSION AND HOLDING

For the foregoing reasons, the Court **GRANTS** Defendant's motion for summary judgment as to all of Plaintiff's claims[60] and **DISMISSES** Plaintiff's claims **with prejudice**. A separate final judgment will issue, pursuant to Rule 54.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 10th day of June 2021.

_____
Micaela Alvarez
United States District Judge

---

[59] Dkt. No. 8.
[60] Dkt. No. 12.